IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN A. HAMILTON and
JAQUELINE HAMILTON,

    Plaintiffs,

v.                                    Civil Action No. 5:19CV241
                                                    (STAMP)

LEXINGTON INSURANCE COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFFS' MOTION TO REMAND**

I.    Background

    The plaintiffs, John Hamilton and Jacqueline Hamilton, originally filed suit against defendant Lexington Insurance Company ("Lexington") in the Circuit Court of Marshall County, West Virginia, alleging Lexington failed to pay the full amount of their damages and losses, less deductible, pertaining to a flood damage claim under plaintiffs' homeowners' insurance policy.

    Lexington timely removed the civil action to this Court on August 12, 2019. ECF No. 1. In the notice of removal, Lexington asserts that this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. Id. Lexington claims there is complete diversity because the plaintiffs are residents of Marshall County, West Virginia, and the defendant is a citizen or resident of Boston, Massachusetts. Id. at 2. According to

Lexington, the amount in controversy "could include 'fees' and/or other damages which brings the Plaintiffs' total claim for damages in excess of $75,000, exclusive of interests and costs." Id.

Plaintiffs then filed a motion to remand, in which they argue that the defendant has failed to satisfy its burden of proving that the amount in controversy exceeds $75,000.00 exclusive of interest and costs. ECF No. 4. Plaintiffs note the complaint alleges that damages and losses were approximately $20,000.00, but Lexington only tendered a check for $2,931.81 after applying the $2,000.00 deductible. Accordingly, plaintiffs contend that "the actual amount in controversy at the time of the filing of the lawsuit was $15,068.82." Id. at 2. Plaintiffs also point to the prayer demand in the complaint, noting that they did not pray for an amount in excess of $75,000.00 and state that on its face, the complaint does not establish that the amount in controversy exceeds the minimum jurisdictional amount of $75,000.00 exclusive of interest and costs. Id. Plaintiffs contend that the complaint involves a $15,068.82 flood insurance claim and that defendant relies upon speculation and conjecture to reach the jurisdictional threshold. Id. at 3. Plaintiffs argue that defendant offers no proof whatsoever that the amount in controversy requirement is satisfied, and request that this action be remanded to the Circuit Court of Marshall County, West Virginia, with just costs, expenses and

attorney's fees incurred as a result of the improper removal assessed against the defendant.  Id. at 4.

Lexington filed a response in opposition to the plaintiffs' motion to remand (ECF No. 7) and asserts that plaintiffs cannot avoid federal jurisdiction with clever pleading as they have "alleged numerous types of damages of unspecified amounts and have requested all damages permitted by law, which include punitive damages and attorneys' fees."  ECF No. 7 at 1.  Lexington contends that attorney's fees and punitive damages may be added to the amount in controversy calculation.  Based on the nature of the claims and unspecified damages of various claims, and especially absent a stipulation disclaiming entitlement to any amount over $75,000.00, Lexington argues that plaintiffs' motion to remand should be denied.  Id. at 5.

The plaintiffs filed a reply to Lexington's response in opposition. ECF No. 8.  In reply, the plaintiffs again assert that defendant is trying to create federal jurisdiction with baseless and disingenuous arguments.  Id. at 2.  Plaintiffs reiterate the argument that amount in controversy is determined as the case stands at the time of removal, and the law simply does not allow removal based on such mere speculation and conjecture.  Id. at 4. Plaintiffs maintain that Lexington has failed to meet its burden to establish jurisdiction in this Court as it cannot prove or establish the requisite amount in controversy and, thus, the matter

3

should be remanded to the Circuit Court of Marshall County, West Virginia. Id.

Now before this Court is the plaintiffs' fully briefed motion to remand. For the reasons set forth below, the plaintiffs' motion to remand (ECF No. 4) is GRANTED.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs pursuant to 28 U.S.C. § 1332(a). However, if federal jurisdiction arises only by virtue of the parties' diverse citizenship, such an action "shall be removable only if none of the . . . defendants is a citizen of the State in which such action is brought." Tomlin v. Office of Law Enf't Tech. Commercialization, Inc., No. 5:07CV42, 2007 WL 1376030, at *1 (N.D. W. Va. May 7, 2007). The party seeking removal bears the burden of establishing federal jurisdiction. See In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006); Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and, if federal jurisdiction is

doubtful, the federal court must remand. Hartley v. CSX Transp., Inc., 187 F.3d 422 (4th Cir. 1999); Mulcahey, 29 F.3d at 151.

Further, the court is limited to a consideration of facts on the record at the time of removal. See Lowrey v. Ala. Power Co., 483 F.3d 1184, 1213–15 (11th Cir. 2007) ("In assessing whether removal was proper . . . the district court has before it only the limited universe of evidence available when the motion to remand is filed."); O'Brien v. Quicken Loans, Inc., No. 5:10CV110, 2011 WL 2551163 (N.D. W. Va. June 27, 2011); Marshall v. Kimble, No. 5:10CV127, 2011 WL 43034, at *3 (N.D. W. Va. Jan. 6, 2011) ("The defendant's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal."); Fahnestock v. Cunningham, 5:10CV89, 2011 WL 1831596, at *2 (N.D. W. Va. May 12, 2011) ("The amount in controversy is determined by considering the judgment that would be entered if the plaintiffs prevailed on the merits of his case as it stands at the time of removal" (internal citations omitted)).

### III. Discussion

There is no dispute that complete diversity exists. The only issue in dispute is the amount in controversy requirement under 28 U.S.C. § 1332(a). Based on the record before this Court, because defendant fails to meet its burden of satisfying the amount in controversy, the plaintiffs' motion to remand must be granted.

This Court recognizes that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 555 (2014). However, the defendant in this case fails to demonstrate that the amount in controversy requirement has been satisfied. In its response in opposition, Lexington notes the $15,068.82 in damages at the time of removal, and can then only point to plaintiffs' requests for damages under West Virginia law if plaintiffs "substantially prevail." ECF No. 1 at 2. Lexington's argument in support of removal states that the amount in controversy, counting these damages, could include "fees" and/or other damages. Id. Defendant offers no further explanation of the conclusory calculation it offers in support of its attempt to satisfy the amount in controversy requirement. Simply put, based on the facts as they exist at the time of removal, this action involves a $15,068.82 flood insurance claim. The defendant, in removing this matter, relies upon speculation and conjecture in its attempt to reach the jurisdictional threshold. Id. at 3. Upon review, this Court is not persuaded by defendant's argument in support of removal, as it rests on speculation as to additional damages which are not quantified and are conditional at best.

As stated earlier, the amount in controversy requirement cannot be based on speculation as to what may occur. Rather, this

6

Court is limited to a consideration of facts on the record at the time of removal. See Lowery, 483 F.3d at 1213-15. Speculation regarding the amount in controversy requirement fails to satisfy the burden that the removing party bears. See In re Blackwater Sec. Consulting, LLC, 460 F.3d at 583. The defendant has failed to meet its burden to establish jurisdiction in this Court as it has not met its burden of establishing the requisite amount in controversy. As stated earlier, removal jurisdiction is strictly construed and, if federal jurisdiction is doubtful, the federal court must remand. Hartley, 187 F.3d at 422; Mulcahey, 29 F.3d at 151.

The Court notes, however, that nothing in 28 U.S.C. § 1446(b)(3) prevents defendant from filing a second notice of removal should later-discovered facts demonstrate that the claim exceeds $75,000.00 exclusive of interest and costs. If such facts were discovered, defendant could remove the action a second time within 30 days of discovery, provided it is within one year after the original complaint was filed. Benson v. SI Handling Systems, Inc., 188 F.3d 780 (7th Cir. 1999).

Lastly, this Court denies the plaintiffs' request for costs and expenses, including attorney's fees, because the defendant provided a colorable claim for removal on the basis of subject matter jurisdiction. See Martin v. Franklin Capital Corp., 546 U.S. 132, 132 (2005) ("[A]bsent unusual circumstances, attorney's

fees should not be awarded when the removing party has an objectively reasonable basis for removal.").

## IV. Conclusion

For the reasons set forth above, the plaintiffs' motion to remand (ECF No. 4) is GRANTED. Accordingly, it is ORDERED this civil action is remanded to the Circuit Court of Marshall County, West Virginia. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Marshall County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: September 17, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE